UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| LARRY FORTNER,<br><br>                                Plaintiff,<br><br>v.<br><br>SPIRE RECOVERY SOLUTIONS LLC,<br>METACORP LLC,<br><br>                                Defendants. | Civil Action No: 6:23-cv-630<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Larry Fortner (hereinafter, "Plaintiff") brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Spire Recovery Solutions LLC ("SRS") and Defendant Metacorp, LLC ("Metacorp") (collectively, "Defendants"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id.* at §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Texas, County of Henderson.

8.     Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9.     Defendant Metacorp is a New York limited liability company and has an address for service c/o Rodney A. Giove, Esq. located at 7304 Berkshire Drive, North Tonawanda, New York, 14120.

10.     Defendant Metacorp is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

11. Upon information and belief, Defendant Metacorp uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant SRS is a New York limited liability company and has a service address located at 57 Canal Street, Suite 302, Lockport, New York, 14094.

13. Defendant SRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

14. Upon information and belief, Defendant SRS uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

16. Sometime prior to March 31, 2023, an alleged debt was incurred to Texas Car Title and Payday Loan Services ("Texas Car Title").

17. The alleged debt was incurred solely for personal, household or family purposes.

18. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Upon information and belief, Defendant Metacorp acquired the defaulted debt for the purposes of collecting a debt.

20. Defendant Metacorp uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant Metacorp also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another. Therefore, Defendant Metacorp is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. Upon information and belief, Metacorp contracted with SRS for the purposes of collecting a debt.

22. Defendant SRS uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant SRS also regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant SRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23. On March 31, 2023, SRS mailed Plaintiff an initial collection communication to collect on the alleged debt. A true and accurate copy of the letter SRS sent to the Plaintiff is attached as Exhibit A, hereinafter "Defendants' Letter."

24. The Defendants' Letter states that the last payment made on the underlying debt was before February 21, 2018. *See* Exhibit A.

25. Pursuant to Texas state law, the statute of limitations to collect on a consumer debt is just four (4) years: "A person must bring suit on the following actions not later than four years after the day the cause of action accrues: . . . (3) debt . . ." *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(3).

26. Thus, Defendants were attempting to collect a time-barred debt when they sent the Defendants' Letter to the Plaintiff.

27. Furthermore, pursuant to Texas state law, a debt buyer or a debt collector acting on behalf of a debt buyer must inform the consumer that the underlying debt is time-barred:

> (e) If a debt buyer is engaged in debt collection for a consumer debt
> for which an action to collect the debt is barred under Subsection
> (c), the debt buyer, or a debt collector acting on behalf of the debt

>buyer, shall provide the following notice in the initial written communication with the consumer relating to the debt collection:
>
>>(1) if the reporting period for including the consumer debt in a consumer report prepared by a consumer reporting agency has not expired under Section 605, Fair Credit Reporting Act (15 U.S.C. Section 1681c), and the debt buyer furnishes to a consumer reporting agency information regarding the consumer debt, "THE LAW LIMITS HOW LONG YOU CAN BE SUED ON A DEBT. BECAUSE OF THE AGE OF YOUR DEBT, WE WILL NOT SUE YOU FOR IT.  IF YOU DO NOT PAY THE DEBT, [INSERT NAME OF DEBT BUYER] MAY CONTINUE TO REPORT IT TO CREDIT REPORTING AGENCIES AS UNPAID FOR AS LONG AS THE LAW PERMITS THIS REPORTING.  THIS NOTICE IS REQUIRED BY LAW.";
>
>. . . .
>
>(f) A notice required under Subsection (e) must be in at least 12-point type that is boldfaced, capitalized, or underlined or otherwise conspicuously set out from the surrounding written material.

Tex. Fin. Code § 392.307.

28. Defendants' Letter contains the typical 15 U.S.C. § 1692g notices required when sending an initial communication, but fails to include the disclosure required in its initial communication for time-barred debts under Texas law.

29. By not including the a disclosure that the debt is time barred it seeks to trick the consumer into paying and restarting the statute of limitations in order to file a suit.

30. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. Pursuant to 15 U.S.C. § 1692e(2)(A), a violation occurs when a debt collector makes a false representation regarding "the character, amount, or legal status of any debt[.]"

32. Pursuant to 15 U.S.C. § 1692e(10), a violation occurs when a debt collector makes a collection communication with "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

33. Defendants' Letter violates 15 U.S.C. § 1692e because it misrepresents the character and legal status of the underlying debt by failing to inform the Plaintiff that the debt is time-barred as the Defendants attempt to collect on the debt.

34. Pursuant to 15 U.S.C. § 1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendants' Letter violates 15 U.S.C. § 1692f, because it unfairly and unconscionably attempts to collect on a time-barred debt without disclosing that the debt is time-barred, pursuant to Texas state law.

36. Furthermore, 15 U.S.C. § 1692g states what information and disclosures are required in initial collection communications.

37. Because Defendants' Letter is an initial collection communication and it violates both Texas state law and the other provisions of the FDCPA, Defendants' Letter violates 15 U.S.C. § 1692g.

38. Accordingly, Defendants' conduct violated multiple provisions of the FDCPA.

39. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

40. The harms caused by the Defendants have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

41. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

42. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

43. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with receipt of this deficient collection communication.

44. Defendants' conduct demonstrated a reckless disregard of the FDCPA and Texas state law, causing Plaintiff to suffer from emotional stress.

45. Defendants' violations were knowing, willful, negligent, and/or intentional, and Defendants did not maintain policies and procedures reasonably adapted to avoid any such violations.

46. Defendants' collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

47. Defendants' conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

48. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

49. Defendants' communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

50. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

51. Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

52. In reliance on Defendants' conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

53. In reliance on Defendants' conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

54. Based on Defendants' failure to follow the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendants' debt collection activities.

55. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

56. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendants' debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

59. Pursuant to 15 U.S.C. § 1692e(2)(A), a violation occurs when a debt collector makes a false representation regarding "the character, amount, or legal status of any debt[.]"

60. Pursuant to 15 U.S.C. § 1692e(10), a violation occurs when a debt collector makes a collection communication with "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

61. Defendants violated 15 U.S.C. § 1692e:

   a. By misrepresenting the legal status of the underlying debt by failing to disclose that the debt is time-barred; and

   b. By failing to maintain policies and procedures to avoid sending collection communications to collect on time-barred debts and that failed to include the required Texas state law disclosure stating that the debt is time-barred.

62. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64. Defendants' debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. § 1692f: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

66. Defendants violated 15 U.S.C. § 1692f:

    a.    By unfairly and unconscionably withholding the required disclosure that the debt is time-barred in their collection communications.

67. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

68. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

69. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

70. Initial collection communications sent by debt collectors are regulated by 15 U.S.C. § 1692g.

71. Thus, Defendant violated 15 U.S.C. § 1692g:

    a.    By failing to send an initial collection communication which was in compliance with Texas state law.

    b.    By failing to properly inform the consumer of legally required information such as that the debt is past the statute of limitations.

72. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Larry Fortner demands judgment from the Defendants as follows:

1. Awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

4. Awarding pre-judgment interest and post-judgment interest; and

5. Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: December 27, 2023                             Respectfully submitted,

                                                                                            **STEIN SAKS, PLLC**
                                                                                            */s/ Yaakov Saks*
                                                                                            By: Yaakov Saks, Esq.
                                                                                            One University Plaza, Suite 620
                                                                                            Hackensack, NJ 07601
                                                                                            Phone: 201-282-6500
                                                                                            Fax: 201-282-6501
                                                                                            ysaks@steinsakslegal.com